UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Elizabeth Swirka

    v.                                Civil No. 18-cv-854-JD
                                        Opinion No. 2018 DNH 215

Liberty Mutual Insurance Co.


O R D E R

Liberty Mutual removed this case from state court.
Elizabeth Swirka moves to remand the case to state court,
arguing that the removal was untimely.  Liberty Mutual objects
to the motion to remand.


Background

Swirka filed charges of discrimination against her former
employer, Liberty Mutual, with the New Hampshire Commission on
Human Rights.[1]  On April 9, 2018, the Commission issued findings
of probable cause on Swirka's charges.  The Commission sent
"Orders of Notice" to Swirka and Liberty Mutual by certified
mail on June 1, 2018.

The Orders of Notice also enclosed copies of the
investigator's report to the Commissioner on Swirka's charges,
the charges, and the Commissioner's findings.  The Notice set a

---

[1] The charges were "dual filed" with the Equal Employment
Opportunity Commission.

date and time for submission of the parties' conciliation proposals and a prehearing and conciliation conference. The Notice also scheduled a public hearing in December of 2018.

Liberty Mutual filed a petition of removal, pursuant to RSA 354-A:21-a, I, in Strafford County Superior Court on September 14, 2018. The petition was docketed as "Complaint-Civil" by the superior court. Counsel for Liberty Mutual filed her appearance the same day. Liberty Mutual filed a notice of removal in this court on September 25, 2018. The notice of removal was filed in the superior court on October 5.

## Discussion

Swirka moves to remand the case to the superior court, arguing that the notice of removal was untimely under 28 U.S.C. § 1446(b)(1). In support, Swirka contends that the thirty-day time limit imposed by § 1446(b)(1) was triggered by either service of the Orders of Notice during the first week of June or the Commission's probable cause findings in April and that removal in late September was far beyond that deadline. Liberty Mutual argues that the thirty-day period has not yet been triggered because it has not received a clear statement of damages from Swirka and that the Commission is not sufficiently "court like" to have its actions trigger the time for removal.

This case focuses on an imperfect fit between the unusual state law procedure that allows a defendant to remove a proceeding from the Commission on Human Rights to superior court and the federal removal statutes.  Under RSA 354-A:21-a, I, "[a]ny party alleged to have committed any practice made unlawful under this chapter may, in any case in which a determination of probable cause has been made by the investigating commissioner, remove said complaint to superior court for trial."  Removal is accomplished when the defendant files a petition of removal in superior court, which "removes said complaint to superior court for trial."  Id.  In this case, the petition of removal was docketed by the superior court as the civil complaint.  As such, the defendant initiated the action in state court by removal.

Under federal law, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Pertinent to the present motion, a notice of removal to federal court must be filed within thirty days after a defendant receives a copy of the "initial pleading" or is served with a summons.  § 1446(b)(1).  The dispute raised here is what constitutes the initial pleading in this case and whether the time for removal has been triggered.

A. Initial Pleading

    Swirka contends that either the Orders of Notice issued by
the Commission on June 1, 2018, or the probable cause finding
issued by the Commission on April 9, 2018, constitutes the
"initial pleading" for purposes of § 1446(b)(1).  Because both
of those documents were issued more than thirty days before
Liberty Mutual filed its notice of removal, Swirka contends that
the removal is untimely and that the case must be remanded.
Liberty Mutual contends that those documents, issued by the
Commission, cannot be the initial pleadings for purposes of
removal because the proceeding could not be removed directly
from the Commission, which is not sufficiently court-like to
meet the requirements of § 1441(a).

    It is not necessary here to examine the functional nature
of the Commission to determine whether it is or is not "court
like."  See, e.g., Whelchel v. Regus Mgmt. Gr., LLC, 914 F.
Supp. 2d 83, 86-88 (D. Mass. 2012).  Instead, RSA 354-A:21-a, I
provides that the defendant can remove the complaint from the
Commission to superior court, which is what happened here.  In
this case, the complaint was removed by the defendant's petition
that was then docketed as the civil complaint.  For purposes of
this case, the civil complaint is the "initial pleading" in the
superior court.

The removal petition was docketed as the civil complaint on September 14, 2018.  Liberty Mutual removed that action to this court on September 25, 2018, well within the thirty days allowed under § 1446(b)(1).  Therefore, the removal was timely.

B.  <u>Damages</u>

Liberty Mutual argues, based on cases which address the specific jurisdictional requirements imposed by the Class Action Fairness Act, that the time for removal has not yet been triggered because it has not been served with a sufficient demand for damages.  See <u>Romulus v. CVS Pharm., Inc.</u>, 770 F.3d 67, 69 (1st Cir. 2014).  Liberty Mutual's theory does not apply to the circumstances of this case or the motion to remand.  This is not a class action, and Swirka has not raised a jurisdictional issue about the amount in controversy.

Even if the jurisdictional amount had been challenged, it would not be dispositive.  Liberty Mutual represented to the court in the first line of its notice of removal that it was removing the action "pursuant to 28 U.S.C. § 1331" that provides <u>federal question</u> jurisdiction.  There is no jurisdictional amount requirement for federal question jurisdiction.

## Conclusion

For the foregoing reasons, the plaintiff's motion to remand (document no. 5) is denied.

SO ORDERED


Joseph A. DiClerico, Jr.
United States District Judge

November 2, 2018

cc:  Nancy Richards-Stower, Esquire
     Daniel Y. Vanderzanden, Esquire.