UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Elizabeth Swirka

    v.                                        Civil No. 18-cv-854-JD
                                                    Opinion No. 2018 DNH 250

Liberty Mutual Ins. Co.


O R D E R

Elizabeth Swirka moves for reconsideration of the court's order denying her motion to remand this case to state court. Liberty Mutual objects to the motion. Liberty Mutual has filed a second assented-to motion to amend the notice of removal to correct the jurisdictional basis for removal.

I. Motion for Reconsideration

The court denied Swirka's motion to remand based on the state law pertaining to removal of actions from the New Hampshire Commission on Human Rights ("Commission") and federal law of removal.[1] The court concluded that the complaint was docketed in superior court on September 14, 2018, and the notice of removal was filed on September 25, 2018, well within the thirty-day time limit under 28 U.S.C. § 1446(b)(1). Swirka

---

[1] The court acknowledged in the order that the unusual procedure provided by RSA 354-A:21-a, I was "an imperfect fit" with the federal removal statute.

moves for reconsideration, arguing that the court erred and that the result is unfair.

## Standard of Review

"[G]ranting a motion for reconsideration is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (internal quotation marks omitted). To succeed in having the court reconsider an interlocutory order, a movant must "demonstrate that the order was based on a manifest error of fact or law." LR 7.2(d). As such, reconsideration will not be granted based on arguments that were not previously made or based on arguments that were rejected in the prior order. Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014).

## Discussion

In support of her motion for reconsideration, Swirka asserts that she has not alleged federal claims and that jurisdiction is based on diversity of citizenship, which she believes should favor remand. She also contends that the court erred in framing the issues because she argued that the Orders of Notice from the Commission, which were served in June, triggered the time limit, she never asserted that the time for removal had not been triggered, and the court should have found

2

that the Commission was "court-like" so that service of its Orders of Notice constituted the beginning of the federal removal period.  She again argues that the removal procedure allowed in this case is unfair.  Liberty Mutual opposes reconsideration.

Under 28 U.S.C. § 1446(b), the procedure for removing a civil case from state court to federal court is as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

As allowed by RSA 354-AAA:21-a, I, Liberty Mutual removed the proceeding from the Commission to the superior court by filing the complaint there.  The complaint docketed in superior court as the civil complaint was the "initial pleading" for purposes of § 1446(b).

Because the state statute allows a defendant to remove the proceeding from the Commission and to initiate a civil case in superior court, the requirements of § 1446(b) do not fit exactly into the state statutory procedure.  Nevertheless, in this case, the initial pleading in state court was the complaint filed by Liberty Mutual.  Liberty Mutual is deemed to have received the

initial pleading when it was docketed as the complaint in state court.

Swirka focuses, as she did in her motion to remand, on when Liberty Mutual was served with her claims.[2] She argues that because Liberty Mutual was served with the Commission's Orders of Notice in June, that should be the beginning of the 30-day period for removal under § 1446(b). The court, however, resolved the issue based on what constituted the "initial pleading" for purposes of § 1446, and concluded that the complaint docketed in the superior court was the initial pleading. Swirka has not presented persuasive grounds to reconsider that decision.[3]

---

[2] She also argues that the court mistakenly attributed a different theory to her, that the removal time was triggered when the Commission issued its probable cause findings in April. She is concerned that attribution of an additional trigger time, which she did not assert, might have diluted the impact of her motion because "there is the possibility that the court mistakenly construed her counting arguments as 'squishy' or trying to shape-shift a clear rule, and held that against her." Doc. 16-1, at 3. As the court's order makes plain, the court did not resolve the remand issue on the ground that Swirka's theory was "'squishy' or trying to shape-shift a clear rule."

[3] Swirka also appears to argue that it was unjust for the court to consider Liberty Mutual's theory, in opposing remand, that the removal date had not yet been triggered. The court perceives no injustice in considering arguments made by both parties.

II.  Assented-to Motion to Amend Removal Notice

In the order denying Swirka's motion to remand, the court noted that Liberty Mutual cited federal question jurisdiction under 28 U.S.C. § 1331 as the basis for removal.  Liberty Mutual moved to revise the order to show that it intended diversity jurisdiction under 28 U.S.C. § 1332 to be the basis for removal. The court denied that motion because the court had correctly repeated the jurisdictional basis stated in the notice of removal.

Liberty Mutual then filed an assented-to motion to amend the notice of removal which did not comply with LR 15.1.  The court denied that motion without prejudice to file a compliant motion to amend.  In response, Liberty Mutual simply filed an "Amended Notice of Removal" without any accompanying motion for leave.  Because Liberty Mutual has not yet been granted leave to file an amended notice of removal, that filing must be struck.

## Conclusion

For the foregoing reasons, the plaintiff's motion for reconsideration (document no. 16) is denied.

The defendant's amended notice of removal (document no. 18) is struck.  Defendant may still file a motion to amend the notice of removal that complies with the requirements for

amendments provided in Federal Rule of Civil Procedure 15 and Local Rule 15.1.

SO ORDERED.

                                              _____
                                              Joseph A. DiClerico, Jr.
                                              United States District Judge

December 14, 2018

cc: Nancy Richards-Stower, Esq.
    Danielle Y. Vanderzanden, Esq.