UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Elizabeth Swirka

   v.                                        Civil No. 18-cv-854-JD
                                            Opinion No. 2019 DNH 035

Liberty Mutual Insurance Co.

O R D E R

Elizabeth Swirka brings state and federal law claims of discrimination and retaliation against her former employer, Liberty Mutual Insurance Company. Liberty Mutual moves to dismiss Swirka's state law claims as untimely filed under RSA 354-A:21-a. Swirka objects.

Background

In a letter dated January 19, 2013, Swirka filed charges of discrimination against Liberty Mutual with the New Hampshire Commission on Human Rights.[1] On April 9, 2018, the Commission issued findings of probable cause on Swirka's charges. The Commission sent "Orders of Notice" to Swirka and Liberty Mutual by certified mail on June 1, 2018.

---

[1] The charges were "dual filed" with the Equal Employment Opportunity Commission.

Liberty Mutual filed a petition of removal, pursuant to RSA 354-A:21-a, I, in Strafford County Superior Court on September 14, 2018.[2] The petition and complaint were docketed as "Complaint-Civil" by the superior court. Liberty Mutual then filed a notice of removal in this court on September 25, 2018.

Swirka moved to remand the case to state court on the ground that the removal was untimely in light of the Commission proceedings. Liberty Mutual objected. The court denied the motion to remand but noted that the unusual procedure under RSA 354-A:21-a was an imperfect fit with the federal removal procedures. Doc. 10, at *3.

Because of the unusual procedural posture of the case, Swirka had not filed a complaint in state court. Instead, the court case was initiated by the complaint filed by Liberty Mutual in superior court. Liberty Mutual then removed the case that it initiated in state court. Liberty Mutual had not filed an answer to that complaint.

To address the procedural abnormalities in the case, the court ordered Swirka to file an amended complaint. In the amended complaint, Swirka brings state law claims for gender, age, and disability discrimination and retaliation under RSA 354-A and federal law claims for gender discrimination under

---

[2] The petition is dated September 13, 2018.

2

42 U.S.C. § 2000e, et seq. ("Title VII"), age discrimination under 29 U.S.C. § 621, et seq. ("ADEA"), and disability and retaliation under 42 U.S.C. § 12112, et seq. ("ADA"). In response, Liberty Mutual filed a partial motion to dismiss.

## Discussion

Liberty Mutual moves to dismiss the claims brought under RSA 354-A (Counts I through IV) that are based on conduct that occurred before September 13, 2015, on the ground that they are time barred under RSA 354-A:21-a. Swirka objects, arguing that the three-year limitations period in RSA 354-A:21-a does not apply in the circumstances of this case.

A party may move to dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Grounds for a motion under Rule 12(b)(6) include a defense that the claims are barred by the applicable statute of limitations. Abdallah v. Bain Capital LLC, 752 F.3d 114, 119 (1st Cir. 2014). In considering a motion to dismiss under Rule 12(b)(6), the court accepts as true all of the properly pleaded facts and draws reasonable inferences in favor of the nonmoving party. Lemelson v. Bloomberg L.P., 903 F.3d 19, 23 (1st Cir. 2018).

A. RSA 354-A

To initiate discrimination claims under RSA 354-A, "an aggrieved person" must file a complaint with the Commission "within 180 days after the alleged act of discrimination." RSA 354-A:21, III. The Commission is then required to "close each case or commence adjudicative proceedings on such case under RSA 354-A:21 within 24 months after the filing date of the complaint."[3] RSA 354-A:21, IV. The procedures for the Commission to follow in adjudicating claims brought before it are provided in RSA 354-A:21, II.

Instead of adjudicating the case before the Commission, "[a]ny party alleging to be aggrieved by any practice made unlawful under this chapter [plaintiff]" may "bring a civil action for damages or injunctive relief or both, in the superior court for the county in which the alleged unlawful practice occurred or in the county of residence of the party." RSA 354-A:21-a, I. If a plaintiff chooses to proceed in court rather than before the Commission, she must bring the civil action within the period of 180 days after filing a timely complaint with the Commission but "not later than 3 years after the alleged unlawful practice occurred." Id.

---

[3] Swirka represents that few cases actually conform to that time line and that defendants, including Liberty Mutual in this case, generally waive that requirement.

4

A defendant may also choose to proceed in court rather than before the Commission. "Any party alleged to have committed any practice made unlawful under this chapter [defendant]" may "remove said complaint to superior court for trial." Id. A defendant must wait to remove the complaint until the investigating commissioner makes a determination of probable cause. Id. Neither the plaintiff nor the defendant may proceed in superior court "if a hearing before the commission has begun or has concluded." Id.

B. Application

There is no issue in this case about the timeliness of Swirka's complaint filed with the Commission. There is also no issue that the three-year limitation period imposed by RSA 354-A:21-a, I would not have applied if the case had proceeded before the Commission. Further, Swirka did not bring a civil action in superior court, which would have triggered the three-year limitation period. Instead, Liberty Mutual removed the proceeding from the Commission to superior court on September 14, 2018, by filing Swirka's complaint, which initiated the Commission proceedings, with a petition for removal.

In support of its motion, Liberty Mutual asserts that removal of the Commission proceeding triggered the three-year limitation period, which bars Swirka's claims to the extent they

5

are based on actions that occurred more than three years before removal.  In support, Liberty Mutual relies on cases that address the limitations period when the plaintiff brings suit in court.[4]  That, however, is not the situation in this case.

Instead, the issue raised by Liberty Mutual is whether the limitations period applies when the defendant removes the proceeding from the Commission to court.  As is explained above, RSA 354-A:21-a imposes a three-limitation period when a plaintiff files a civil action in state court.  Liberty Mutual cites no case in which that limitation period was applied to bar claims in a proceeding removed from the Commission to court by the defendant.

Based on the plain language of RSA 354-A:21-a, I, the three-year limitation period does not apply in the circumstances of this case.  Therefore, Liberty Mutual provides no grounds to dismiss Swirka's claims as untimely filed.

---

[4] Liberty Mutual relies on the decision in Salisbury v. Home Depot, USA, Inc., 2014 WL 6750648 (D.N.H. Dec. 1, 2014).  In that case, however, the plaintiff brought suit in state court.  The case was not removed from the Commission to state court by the defendant.  After the plaintiff brought suit in state court, the defendant removed the case to this court.  Therefore, the application of the limitation period in Salisbury has no bearing on the situation presented here.

Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 27) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

March 7, 2019

cc: Lorenzo R. Cabantog, Esq.
    Nancy Richards-Stower, Esq.
    Danielle Y. Vanderzanden, Esq.